UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-5424 PA (SPx) | Date | July 16, 2020 |
|---|---|---|---|
| Title | Bryan Cobb, et al. v. Subaru of America, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand filed by plaintiffs Bryan Cobb and Kristin Cobb (collectively "Plaintiffs") (Docket No. 11). In the Notice of Removal filed by defendant Subaru of America, Inc. ("Defendant"), Defendant asserted that jurisdiction existed based on diversity of citizenship. See 28 U.S.C. § 1332. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for July 27, 2020, is vacated, and the matter taken off calendar.

Plaintiffs commenced this action in Ventura Superior Court on February 7, 2020. The Complaint, which alleges "lemon law" claims under California's Song-Beverly Warranty Act for breaches of implied and express warranties, arises out of Plaintiffs' purchase of an allegedly defective vehicle. According to the Notice of Removal, Plaintiffs responded to discovery propounded by Defendant that "informed [Defendant] of their domicile" "[f]or the first time on May 21, 2020," and "provided the sales contract for the subject vehicle, which indicated the amount in controversy," "[f]or the first time on June 8, 2020." Defendant filed the Notice of Removal on June 18, 2020, within 30 days of its receipt of Plaintiffs' discovery responses.

In their Motion to Remand, Plaintiffs state that they served Defendant with the Summons and Complaint on February 20, 2020, and that according to documents produced by Defendant, Defendant's counsel "was, or should have been, aware of Plaintiffs' residence since at least March 16, 2020" when Defendant generated a report showing, as of March 15, 2014, the location of Plaintiffs' residence. Plaintiffs therefore assert that Defendant's filing of the Notice of Removal was untimely because it is based on information that Defendant had access to more than 30 days before Defendant filed the Notice of Removal. Plaintiffs additionally contend that Defendant has failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-5424 PA (SPx) | Date | July 16, 2020 |
|---|---|---|---|
| Title | Bryan Cobb, et al. v. Subaru of America, Inc. | | |

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).

    In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

    When determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in the plaintiff's favor on all of the claims in the complaint. See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (emphasis in original); see also Rippee v. Boston Market Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d at 566 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-5424 PA (SPx) | | Date | July 16, 2020 |
|---|---|---|---|---|
| Title | Bryan Cobb, et al. v. Subaru of America, Inc. | | | |

1090 (9th Cir. 2003). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). "Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds [the statutory minimum] when federal jurisdiction is challenged. . . . [A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015). "Conclusory allegations as to the amount in controversy are insufficient." Matheson, 319 F.3d at 1090–91.

"[A] proper removal notice must be filed within 30 days of service of the plaintiff's complaint." 28 U.S.C. § 1446(b); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998). In Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005), the Ninth Circuit clarified that if an initial pleading is not removable on its face, then the first 30-day period for removal is not triggered. "In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." Id. (quoting 28 U.S.C. § 1446(b)(3)). Sworn discovery responses received from another party in the pending litigation constitute "other paper" within the meaning of 28 U.S.C. § 1446(b) from which a party may properly be put on notice that a case is or has become removable. See Riggs v. Continental Baking Co., 678 F.Supp. 236, 238 (N.D. Cal. 1998).

The Ninth Circuit does not "charge defendants with notice of removability until they've received a paper that gives them enough information to remove." Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006). Therefore, in the Ninth Circuit, a defendant does not have a duty to investigate whether the matter is removable even where there may be a "clue" indicating that federal jurisdiction may exist. Harris, 425 F.3d at 696. Instead, the "notice of removability under 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Id. at 694. Because inquiries into the subjective knowledge of a defendant might result in a "mini-trial regarding who knew what and when," courts may only rely on the face of the initial pleading and the documents exchanged by the parties to determine when the defendant had notice of the grounds for removal. Harris, 425 F.3d at 695. This "bright-line approach" serves two purposes: (1) it "brings certainty and predictability to the process and avoids gamesmanship in pleading"; and (2) it "avoids the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry." Id. at 697.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-5424 PA (SPx) | Date | July 16, 2020 |
|---|---|---|---|
| Title | Bryan Cobb, et al. v. Subaru of America, Inc. | | |

  The Court will address the amount in controversy first. The Court notes that Plaintiffs never disclaim that they seek less than $75,000.00, and instead argue only that Defendant has not met its burden to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. The Complaint alleges that the "amount in controversy exceeds TWENTY-FIVE THOUSAND DOLLARS ("$25,000.00), exclusive of interests and costs, for which Plaintiff seeks judgment against Defendants, together with equitable relief. In addition, Plaintiff seeks damages from Defendants, and each of them, for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees." (Comp. ¶ 13.) The Complaint's prayer for relief also seeks "replacement or restitution" and "a civil penalty as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiff's actual damages."

  According to the Notice of Removal, the purchase price of the vehicle was $32,875.52, so that amount, plus the Song-Beverly penalty of twice those damages, indicates that the amount in controversy could be $98,626.56, before even factoring in Plaintiffs' claim for attorneys' fees. See, e.g., Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (explaining that district courts may take into account a state law's authorization of treble damages in determining the amount in controversy). Even if, as Plaintiffs contend in their Motion to Remand, that depreciation on their vehicle purchased in 2014, would not justify damages that equal the purchase price, they still alleged that the amount in controversy exceeded $25,000.00 before factoring in exemplary damages and attorneys' fees. When considering both the Complaint's allegations and Defendant's additional evidence submitted in support of the Notice of Removal, the Court concludes that Defendant has established, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs.

  Plaintiffs also contend that the Notice of Removal was untimely. The Complaint does not allege where Plaintiffs reside, where they are domiciled, or their citizenship. Even if, as Plaintiffs contend in their Motion to Remand, that Defendant had information in Defendant's records about where Plaintiffs resided in 2014 when they purchased the vehicle, or where Plaintiffs resided at other times when Plaintiffs attempted to repair their vehicle, that information does not provide evidence of Plaintiffs' domicile in 2020 when they commenced this action. See Kanter, 265 F.3d at 857 (explaining the distinction between "residence" and "domicile"). Moreover, because Plaintiffs do not contend that Defendant "received" a paper from Plaintiffs informing Defendant of the removability of the action prior to May 21, 2020, when Plaintiffs responded to discovery and admitted that they were domiciled in California, information that may have been in Defendant's own records is immaterial to the timeliness inquiry. See Harris, 425 F.3d at 695. Defendant filed the Notice of Removal within 30 days of its receipt of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-5424 PA (SPx) | Date | July 16, 2020 |
|---|---|---|---|
| Title | Bryan Cobb, et al. v. Subaru of America, Inc. | | |

discovery response establishing Plaintiffs' domicile in California. The Notice of Removal was therefore timely filed.

It is astounding that neither Plaintiffs nor Defendant cited to Harris in the Motion, the Opposition, or the Reply, despite it being the controlling Ninth Circuit precedent. Had either party bothered to conduct any research, perhaps they would not have wasted the Court's time with insufficient argument about incorrect legal standards. See Rutter Group Practice Guide: Federal Civil Procedure Before Trial § 2:3231 (California & 9th Circuit ed.) (citing Harris). That did not happen. Nor does it appear that the parties actually conducted a pre-filing meeting of counsel as required by Local Rule 7-3. Instead, Plaintiffs' counsel sent an email stating a desire to meet and confer about a Motion to Remand, and Defendant's counsel responded with: "What about the motion for remand do you want to discuss?" The parties never met to "discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Local Rule 7-3.

The parties' failure to meet and confer as required by Local Rule 7-3 prior to the filing of the Motion to Remand is the second time that the parties failed to comply with the Court's requirements that they act jointly. The parties also separately filed Federal Rule of Civil Procedure 26(f) reports rather than the Joint Report, required by the Court's Order Setting Scheduling Conference. The failure of counsel to comply with the letter and spirit of the Local Rules and the Court's Orders has unnecessarily taxed the Court's limited resources. The Court therefore orders lead trial counsel for the parties to submit Declarations signed under penalty of perjury by no later than July 23, 2020, that they have read the Local Rules, the Court's Standing Order, and the Central District's Civility and Professionalism Guidelines (available at www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines). Future violations of the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders may result in the imposition of sanctions.

For all of the foregoing reasons, the Court denies Plaintiff's Motion to Remand.

IT IS SO ORDERED.